### HODGES *et al. v.* SUMMERLIN.

1. The evidence authorized the finding of the auditor against the contention of the defendants, who insisted that there was a contract of sale of the premises in dispute, which was denied by the plaintiff.

2. The judgment of the trial court overruling the exception to the auditor's finding upon the other issue of fact is not shown to be erroneous.

No. 1334.  FEBRUARY 10, 1920.

Exceptions to auditor's report.  Before Judge Kent.  Laurens superior court.  February 7, 1919.

A. T. Summerlin brought his petition against J. C. Hodges, alleging, that in the year 1915 petitioner and defendant entered into a contract by the terms of which the defendant was to cultivate a three-horse farm on shares for petitioner, who furnished for the purpose the land, the stock, and one half of the fertilizer; that the defendant was to cultivate the land and was to receive one half of all the crops produced, petitioner being entitled to the other half; that defendant did cultivate the land, but had not turned over to petitioner the part of the crop to which plaintiff was entitled under the contract; that the plaintiff was the owner of certain mules upon the farm in question, which were in the possession of the defendant; and that certain hogs had not been turned over to petitioner that should have been delivered. The defendant answered, that the hogs upon the premises to which the plaintiff was entitled were subject to his control and removal at his pleasure; that the crops growing upon the premises during the year 1915, which had not been divided prior to the date of the filing of the suit, were subject to the direction of the plaintiff at all times; that the mules used in operating the farm belonged to plaintiff, but that plaintiff had taken a note for the purchase-money of the mules from the wife of defendant, and defendant was ready to account in full to plaintiff for all farm products, hogs, and mules.  The defendant also answered that he and his wife entered upon the land in controversy as purchasers from the petitioner, and made valuable permanent improvements; that the contract between the parties provided that in any year during the farming operations the defendant and his wife could pay for the premises the agreed price of $2,000, and upon the payment of this sum plaintiff was to execute to defendant's wife a deed conveying to her the land in question; that the time limit on this option was December 31, 1915; that the wife of defendant tendered the $2,000 on December 15, 1915; that the tender is continuous and unconditional, and plaintiff refuses to accept it.  It was prayed that the wife be made a party defendant; and an order to this effect was passed by the court.  Both the plaintiff and the defend-

ants prayed for an accounting, and plaintiff prayed for an injunction. The case was referred to an auditor, who in due course made his report containing the findings, in substance, that the plaintiff had sustained his contentions, that the relation of landlord and cropper existed between the plaintiff and defendant; that if Mrs. Hodges had an option to buy the place the contract was unilateral and unenforceable; that either party had the right to terminate the same at will; and that if there had been such a contract as the defendants allege, it would have been necessary to tender the purchase-price to the plaintiff before he elected to rescind; and that the original defendant was indebted in a stated sum to the plaintiff. To these findings the defendants filed exceptions of law and fact, and afterward they moved to recommit the case for additional report and findings, because the report was erroneous, indefinite, and confused, and mingled the findings of law and fact. The court thereupon ordered that the case be recommitted to the auditor for a more complete report, and "especially as to whether or not there was an option to purchase on the part of Mrs. Hodges, growing out of the transaction between A. T. Summerlin and J. C. and Mrs. J. C. Hodges." Afterwards the auditor filed an additional report finding: "First, that there never existed a contract to purchase the premises described in the petition between the plaintiff and the defendant Mrs. J. C. Hodges. Second, that the defendant Mrs. J. C. Hodges, at no time during the transactions or growing out of the transactions between A. T. Summerlin and J. C. Hodges and Mrs. J. C. Hodges, ever had an option to purchase the premises mentioned in the petition, as contended for by her. Third, that the only contract made by the defendants or either of them was made by J. C. Hodges, touching the premises in dispute, and that contract was one solely and alone of landlord and cropper, and that neither of the defendants had an option at any time to purchase the premises in dispute during the transactions between A. T. Summerlin and J. C. and Mrs. J. C. Hodges." The defendants again made a motion to recommit, which the court denied, and additional exceptions were filed.

*R. Earl Camp* and *B. T. Rawlings,* for plaintiffs in error.

*J. S. Adams* and *R. M. Daley,* contra.

BECK, P. J. (After stating the foregoing facts.) While the first report of his findings made by the auditor was open to the

objection that the findings were not properly classified and that the report was lacking in clearness, the case was recommitted to the auditor, and he thereupon made the findings set forth above, which clearly cover the issues in this case. The main question to which inquiry was necessarily directed in the hearing before the auditor was whether a contract for the sale of the lands in controversy had been made between the plaintiff on the one side and the defendants on the other. This was a clearly defined issue of fact. The plaintiff denied the existence of such a contract in his pleadings, supported this denial by his own evidence, and to some extent strengthened it by the corroborating testimony of other witnesses. It may be true that apparently from the reading of the record there was a preponderance of the evidence submitted upon this issue in favor of the defendants, but the auditor found otherwise, and his findings have the approval of the trial court. That settles the main contention in the case.

The judgment of the trial court overruling the exception to the auditor's finding upon the other issue of fact is not shown to be erroneous.

*Judgment affirmed. All the Justices concur.*